SUHADOLNIK, Dir., Ohio Department of Commerce, Appellant, et al.,

v.

LEE'S HEATING & COOLING, INC., Appellee.

[Cite as *Suhadolnik v. Lee's Heating & Cooling, Inc.*, 157 Ohio App.3d 561, 2004-Ohio-3136.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20126.

Decided June 18, 2004.

Jim Petro, Attorney General, and Walter J. McNamara IV, Assistant Attorney General, Executive Agencies Section, Labor Relations Unit, for appellant.

Michael C. Thompson, for appellee.

Jim Petro, Attorney General, and Michael D. Allen, Principal Assistant Attorney General, Executive Agencies Section, Labor Relations Unit, for amicus curiae Ohio State Apprenticeship Council.

N. Victor Goodman and Mark D. Tucker, for amicus curiae Ohio State Building & Construction Trades Council.

FAIN, Presiding Judge.

{¶ 1} Plaintiff-appellant, Ohio Department of Commerce, appeals from a judgment of the Montgomery County Common Pleas Court adopting a magistrate's decision regarding the amount of wages owed by defendant-appellee, Lee's Heating & Cooling, Inc. ("Lee's"). The Commerce Department contends that the magistrate and trial court erred by determining that Lee's owed apprentice, rather than journeyman, wages to one of its workers.

{¶ 2} We conclude that the magistrate's decision is supported by the record and that the trial court did not abuse its discretion or otherwise err in adopting the decision of the magistrate. Accordingly, the judgment of the trial court is affirmed.

I

{¶ 3} In 2001, the city of Dayton Water Department began a construction project known as the Dayton Office Building Project ("the Project"). Because the construction was undertaken for a public authority and had an overall cost exceeding certain statutory threshold levels set forth in R.C. Chapter 4115, the Project was subject to the Prevailing Wage Law set forth in R.C. Chapter 4115 et seq.

{¶ 4} Lee's was the heating and cooling system subcontractor on the Project. Lee's was aware that the Project was subject to Ohio's Prevailing Wage Law. Lee's employed Darnell McGraw on the Project; McGraw did sheet metal work.[1] McGraw was a participant in the Dayton Step–Up Program, which is a "building maintenance/repair" apprenticeship program and is not trade-specific. It is designed to provide its participants an "introduction and exposure to a myriad of trade tasks." The Step–Up Program is a bona-fide apprenticeship program that is registered with the Ohio Apprenticeship Council. McGraw worked 41 and one-half hours on the Project, and was paid $7 per hour. This rate was set by the Step–Up Program.

{¶ 5} In May, 2001, the Commerce Department received a prevailing-wage complaint in which it was alleged that Lee's had not paid McGraw prevailing

---

1. Although we have found no evidence in the record to support a finding that McGraw was engaged in sheet metal work while employed by Lee's, we note that the Commerce Department repeatedly informed the trial court that McGraw was engaged in sheet metal work. We conclude, then, that the Commerce Department implicitly stipulated that McGraw was performing sheet metal work.

wages on the Project. Following an investigation, the Commerce Department determined that Lee's owed McGraw $1,496.40 in unpaid prevailing wages. The Commerce Department commenced this action in the Montgomery County Common Pleas Court, seeking payment of the wages as well as a statutory penalty.

{¶ 6} The matter was tried before a magistrate. The magistrate issued a decision finding that McGraw was an apprentice and that he should be paid wages as an apprentice, rather than as a journeyman. The magistrate also found that McGraw had been engaged in sheet metal work, and that he should have been paid the amount of $14.42 per hour.[2]

{¶ 7} The Commerce Department filed an objection to the magistrate's decision, in which it specifically objected to the characterization of McGraw as an apprentice. The Commerce Department alleged that McGraw should have been paid the journeyman wage because he "was not a registered sheet metal apprentice at the time he performed the work" on the Project. Lee's did not object to the magistrate's decision.

{¶ 8} The trial court overruled the Commerce Department's objection, adopted the decision of the magistrate, and entered judgment accordingly. From this judgment, the Commerce Department now appeals.[3]

## II

{¶ 9} The sole assignment of error presented by the Commerce Department is as follows:

{¶ 10} "The trial court erred to the prejudice of appellant Ohio Department of Commerce and abused its discretion when it ordered that appellee Lee's Heating and Cooling, Inc. owed only $615.86 in prevailing wages and statutory penalties with respect to appellee's employment of Darnell McGraw at the Dayton Office Building Project."

{¶ 11} The Commerce Department contends that the trial court erred in its award of wages. This assertion is premised upon the argument that the trial court abused its discretion when it determined that McGraw was an apprentice and that Lee's owed McGraw wages only as an apprentice, not as a journeyman.

{¶ 12} The prevailing wage rate statutes are set forth in R.C. Chapter 4115. R.C. 4115.05 provides: "The prevailing rate of wages to be paid for a legal day's work, as prescribed in section 4115.04 of the Revised Code, to laborers, workers,

---

2. The record shows that this amount is the prevailing wage rate for sheet metal apprentices.

3. Amicus briefs supporting the Commerce Department's position have been filed by the Ohio State Apprenticeship Council and the Ohio State Building and Construction Trades Council.

or mechanics upon public works shall not be less at any time during the life of a contract for the public work than the prevailing rate of wages then payable in the same trade or occupation in the locality where such public work is being performed, under collective bargaining agreements or understandings, between employers and bona fide organizations of labor in force at the date the contract for the public work, relating to the trade or occupation, was made, and collective bargaining agreements or understandings successor thereto."

{¶ 13} In other words, a person working on a public works construction must be paid union scale. "The prevailing wage statutes, R.C. 4115.03 through R.C. 4115.16, require contractors and subcontractors for public improvement projects to pay laborers and mechanics the so-called prevailing wage in the locality where the project is to be performed. '[T]he primary purpose of the prevailing wage law is to support the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private construction sector.'" *J.A. Croson Co. v. J.A. Guy, Inc.* (1998), 81 Ohio St.3d 346, 349, 691 N.E.2d 655, quoting *State ex rel. Evans v. Moore* (1982), 69 Ohio St.2d 88, 91, 23 O.O.3d 145, 431 N.E.2d 311.

{¶ 14} R.C. 4115.05 goes on to permit apprentices to work on public construction projects and to be paid the prevailing wage rate for apprentices. "Apprentices will be permitted to work only under a bona fide apprenticeship program if such program exists and is registered with the Ohio apprenticeship council." Id. An apprentice may be paid apprentice wages "only if there is in force at the time work is being performed under a contract for the public improvement project, in the locality of such project, a collective bargaining agreement or understanding between employers and bona fide organizations of labor which authorizes the employment of apprentices." Ohio Adm.Code 4101:9–4–16(B).

{¶ 15} The term "apprentice" is defined as "any employee who is enrolled or indentured per trade occupation as a member of a bona fide apprenticeship program, or a person in the first ninety days of probationary employment as an apprentice in such apprenticeship program who has been certified by the Ohio apprenticeship council to be eligible for probationary employment as an apprentice." Ohio Adm.Code 4101:9–4–02(A). A "[b]ona fide apprenticeship program" is a "comprehensive training program registered with the Ohio apprenticeship council." Ohio Adm.Code 4101:9–4–02(C).

{¶ 16} There is no dispute in this record that the Step–Up Program is a bona fide apprenticeship program registered with the Ohio State Apprenticeship Council; nor is there any dispute that McGraw is a participant in that program. Also, as previously stated, the Commerce Department, on its own initiative, classified McGraw as performing sheet metal work on the project. Additionally, the evidence supports a finding that there was a prevailing wage rate for sheet

metal workers on the Project indicating that the provisions of Ohio Adm.Code 4101:9–4–16(B) and R.C. 4115.05 are satisfied.

{¶ 17} Therefore, we conclude that the trial court did not err in determining that McGraw was entitled to wages for sheet metal work as an apprentice. Accordingly, the judgment of the trial court is affirmed.

### III

{¶ 18} The Commerce Department's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

BROGAN and FREDERICK N. YOUNG, JJ., concur.